778

## Piedmont Lumber Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 12828. Promulgated December 18, 1928.

*G. B. Walton, C. P. A.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

Van Fossan: It is clearly established that the amount of petitioner's inventory on December 31, 1919, was $27,528.41. The closing inventory of one year is the opening inventory of the next. *Ashtabula Bow Socket Co.*, 2 B. T. A. 306. Consequently, this sum is the correct inventory figure for January 1, 1920. It was so considered and treated by the petitioner on its books and constituted the basis of its income-tax return for 1920. The inventory account contains the erroneous date of February 1, 1920, due to the fact that a new set of books was opened for the petitioner on or about that date. Entries in the merchandise inventory account were made yearly. We are convinced that the sum named is a proper inventory figure for January 1, 1920, and that any deduction therefrom is unwarranted. Therefore, we disapprove the respondent's action in reducing the opening inventory by $9,600.

The respondent added to the petitioner's income for January, 1920, the sum of $1,010.57, on the theory that its return for that

year was made on the basis of 11 months. The petitioner's balance sheet of February 1, 1920, showed earnings or surplus of $2,021.14, which the respondent arbitrarily assumed represented the earnings of the petitioner during the year 1919 and the month of January, 1920, and prorated them equally to those periods. The evidence discloses that the said sum of $2,021.14 was the income of the petitioner for the year 1919, properly returned by it as such and treated as surplus as of January 1, 1920, in Schedule K of its return for the year 1920. The erroneous entry of this item under date of February 1, 1920, was occasioned by the circumstances mentioned above. Therefore, we conclude that the sum of $1,010.57 did not constitute income for January, 1920, and the respondent's action in so treating it was erroneous.

As to the alleged bad debt we are unable to find that respondent erred. When issue is joined as to the allowability of a deduction of an alleged bad debt the burden is on the petitioner to prove both the fact of worthlessness and the charge-off during the year. *Alemite Die Casting & Mfg. Co.*, 1 B. T. A. 548; *George P. Rowell*, 12 B. T. A. 1197; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566. Here some time during the year petitioner determined the account to be worthless but took no steps looking to a charge-off at that time. Later in the year, by agreement with the debtor, petitioner took over the property of the debtor and paid off the mortgage thereon. This action was apparently motivated by the thought that, property then being at low market, by securing the title to the property petitioner would be able later to work out its account in whole or in part. After thus taking title to the property petitioner nevertheless charged off the entire debt as worthless at the close of the taxable year.

We are not persuaded that this purchase of the property by petitioner was, as contended by it, a wholly independent venture totally disassociated with the existence of the alleged bad debt. It appears more in the nature of an undertaking to assure and secure the payment of the debt. In such a situation we are unable to agree with petitioner's contention that at the time of the charge-off the debt had been properly ascertained to be worthless or that it was in fact worthless. We affirm the respondent on this point.

*Judgment will be entered under Rule 50.*